Richardsow, Chief Justice,
delivered the opinion of the court.
This is a claim for interest on a judgment.
The Revised Statutes provide as to the payment of judgments of the Court of Claims as follows:
“Sec. 1089. In-all cases of final judgments by the Court of Claims, or, on appeal, by the Supreme Court, where the same are affirmed in favor of the claimant, the sum due thereby shall be paid out of any general appropriation made by law for the payment and satisfaction of private claims, on presentation to the Secretary of the Treasury a copy of said judgment, certified by the clerk of the Court of Claims and signed by che chief justice, or, in his absence, by the presiding judge of said court.
“Sec. 1090. In cases where the judgment appealed from is in favor of the claimant, and the same is affirmed by the Supreme Court, interest thereon at the rate of five per centum shall be allowed from the date of its presentation to the Secretary of the Treasury for payment as aforesaid, but no interest shall be allowed subsequent to the affirmance, unless presented for payment to the Secretary of the Treasury as aforesaid.”
The defendants having paid the principal of the final judgment for $130,196.74, entered in this court upon the mandate of the Supreme Court reversing the former judgment, refuse to pay interest on either judgment, the one reversed, or the one entered by order of the Supreme Court-.
The claimants, in support of their claim for interest, rely upon the decision in Hobbs’ Case (19 C. Cls. R., 279). There is, however, a material distinction between the two cases in this, that in Hobbs’ Case the Supreme Court affirmed the judgment of the Court of Claims and issued the following mandate:
“It is now here ordered and adjudged by this court that the judgment of the said Court of Claims in this cause be and the same is hereby affirmed for the full amount of the award made to the claimant, and that an additional amount of $2,660 should be allowed for the two items of extra expense referred to in the opinion of this court.”
*567 The Court of Claims, following the mandate, entered a new judgment for the additional amount allowed by the Supreme Court in the following form:
‘•'The Supreme Court of the United States having affirmed the judgment rendered by this court in this cause in favor of Campbell K. Peck, on the 10th day of February, 1879, for forty-three thousand one hundred and thirteen dollars, and also ordered this court to allow the claimant the additional sum of two thousand six hundred and sixty dollars, it is therefore ordered, adjudged, and decreed that the said John W. Hobbs, assignee in bankruptcy of said Campbell K. Peck, have and recover of and from the United States the sum of two thousand six hundred and sixty dollars, in addition to that adjudged and decreed on the 10th day of February, 1879. And it is further ordered, that the transcript of this judgment for presentation to the Secretary of the Treasury for payment be delivered to Sanborn and King, attorneys of record for the claimant.
Judgment of Court of Claims.$43,113. (53
Additional by Supreme Court... 2,660.00
45,773.63”
The defendants cite an, opinion of the Attorney-General in this very case (18 Op., Atty. Gen., 574), in which he advises the Secretary of the Treasury that he can not pay interest on the judgment. We agree with him in this conclusion, although he seems to have overlooked the grounds upon which the Court of Claims allowed interest in the Hobbs Case, which he refers to, wherein the original judgment was affirmed. Here the original judgment was reversed, and a new judgment was ordered and entered.
The Supreme Court, for some good reason undoubtedly, treated this and the Hobbs case differently, making their mandate in such form as to give the claimant the right to interest in one case and not in the other.
Moreover Congress, in making appropriations for payment of many judgments of the Court of Claims by the Act of 1888, Februry 1, chapter 4 (25 Stat. L., 27), while it allowed interest on several specified j udgrnents, carefully provided that payment to the claimant in this case of the amount of principal shall be “in full satisfaction of the judgment,” in these words :
“To pay the judgment of the Court of Claims in favor of the Pacific Railroad eighty-five thousand three hundred and ninety-six dollars and twenty-four cents, being in addition to the sum of forty-four thousaud eight hundred dollars and seventy-four cents appropriated by the act of August fourth, eighteen hun- *568 tired and eighty-six, to pay a judgment in favor of said Pacific Jiailroad, which two stuns shall be in full satisfaction of the judgment in favor of the Pacific Bailroad reported to Congress in the House Executive Document number twenty-nine, Fiftieth Congress, first session.”
The judgment of the court is that claimant has no cause of action, and the petition must be dismissed.